# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THREESIS, G.P., <br><br> v. <br><br> MOHAMMAD R. MAYEH, et al., <br><br> PLAINTIFF(S) / DEFENDANT(S) | CASE NUMBER <br><br> CV 17-8463 RGK(JCx) <br><br> ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____        _____
Date                                                    United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ District Court lacks jurisdiction
- ☐ Legally and/or factually patently frivolous
- ☐ Immunity as to _____
- ☒ Other: The removed California unlawful detainer action should be remanded sua sponte. See 28 U.S.C. §1447(c) (Court "shall" remand "any time" it appears to lack subject matter jurisdiction over case)

Comments:

See attachment

December 27, 2017                              /s/ Jacqueline Chooljian
Date                                                    United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
  - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - ☐ This case is hereby DISMISSED immediately.
  - ☒ This case is hereby REMANDED to state court.

12.28.17                                              /s/ Gary Klausner
Date                                                    United States District Judge

CV-73 (08/16)                          ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

Attachment
Threesis, G.P. v. Mohammed R. Mayeh, et al.
No. CV 17-8463 RGK(JCx)

Although the removing defendant in this case has not included a complete copy of the underlying state complaint (LASC Case No. 17VEUD00939) in the Notice of Removal and has ignored the Court's order directing him to provide the Court with the same, a copy of such complaint is attached to Plaintiff's Ex Parte Application for Remand, filed in the instant action on December 21, 2017. The underlying complaint is an unlawful detainer complaint which expressly demands less than $10,000. See Docket No. 8 at p. 9 ("Action based on CCP § 1161a; amount demanded does not exceed $10,000").

Denial of the removing defendant's IFP Application and sua sponte remand of this matter are appropriate because the removing defendant fails to overcome the strong presumption that the Court lacks jurisdiction over this purely state-law action. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir.1992) (defendant's burden to prove removal jurisdiction). The state court records – including the underlying state complaint – do not reflect any action that originally could have been filed in federal court. The Notice of Removal filed in this action does not plausibly support diversity or federal question jurisdiction. 28 U.S.C. §1441(a). Removal may not be based on asserted/anticipated defenses. Franchise Tax Bd. v. Laborers, 463 U.S. 1, 14 (1983).